IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



| | | |
|---|---|---|
| **EDWARD MCGOWN,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 9:05-CV-9 |
| | § | |
| **BRIDGESTONE/FIRESTONE, INC.,** | § | |
| | § | JUDGE RON CLARK |
| *Defendant*. | § | |
| | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's Motion for Final Summary Judgment [Doc. # 13]. Plaintiff did not file a response to Defendant's motion. The only remaining causes of action in this case are Plaintiff's claims for breach of various warranties. Because Plaintiff has failed to make a showing sufficient to establish the existence of elements necessary to maintain these claims, the court concludes Defendant's Motion should be GRANTED.

### I. Background

In his original state court petition, Plaintiff alleged that on October 3, 2002, he was in a car accident after the rubber on the left rear tire of his 1999 Ford F-350 4x4 pickup truck began to peel off in strips. According to Plaintiff, the loss of the rubber on the tire caused the vehicle to veer off into an embankment where Plaintiff was injured.

Plaintiff filed suit in the Sabine County District Court in Texas on December 27, 2004 based on these events and the case was timely removed to this court. Plaintiff alleged various

1

forms of product defect, negligence, and breach of warranties against Defendant as the manufacturer of the tire. This court granted partial summary judgment in favor of Defendant on the negligence and product defects claim previously. Plaintiff filed no response to that motion and the court found that these claims were barred by the relevant statute of limitations.

Defendant now moves for summary judgment on the remaining claim for breach of various warranties. Plaintiff's original petition can be read to include claims for a breach of (1) warranty of merchantability (2) implied warranty of fitness for a particular purpose and (3) express warranty. Defendant argues that Plaintiff cannot carry his burden at trial to prove all essential elements of these claims, and, in the alternative that Plaintiff's claims are time barred.

This case was removed in January of this year and the second summary judgment filed in August. After ample time to conduct discovery, Plaintiff still has not provided the court with any response to Defendant's motion.

## II. Standard of Review

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993), (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

In order to avoid summary judgment, the  party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986);  *Anderson*, 477 U.S. at 257.  The nonmoving party  "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita,* 475 U.S. at 586.   Fed. R. Civ.  P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial.  *Anderson,* 477 U.S. at 256.  Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment.  *Anderson*,  477 U.S. at 248.  The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue.  *Id.*  If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary."  *Matsushita*, 475 U.S. at 587.

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits.  All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor.  *Matsushita*, 475 U.S. at 587.  However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence.  *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468 (1992).

When no response to a summary judgment motion is filed, the court may accept as undisputed the movant's version of the facts and grant summary judgment when a prima facie case for entitlement is made.  *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Further, the Local Rules of the Eastern District of Texas explicitly state, "[i]n the event a party fails to oppose a motion ... the Court will assume that the party has no opposition."  Local Rule CV-7(d).  Here, Plaintiff has not opposed Defendant's motion.

### III. Analysis

**A. Defendant's Statute of Limitations Defense**

In evaluating Defendant's motion for summary judgment based on the relevant statute of limitations, "the court must draw all reasonable inferences in favor of the non-moving party.  To obtain summary judgment . . . [Defendant] must establish beyond preadventure *all* of the essential elements of the . . . defense to warrant judgment in his favor."  *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)(quotations and citations omitted)(emphasis in the original).  Texas law supplies the applicable statute of limitations in this diversity case.  *See Colonial Penn Ins. Co. v. Market Planners Ins. Agency, Inc.*, 1 F.3d 374, 375 (5th Cir. 1993).  Under Texas law, the statute of limitations for a breach of warranty claim is four years. Tex. Bus. & Comm. Code § 2.725(a)-(b).  The breach of warranty occurs when delivery is made, and the statute of limitations begins to run at that time.  *Id.*

Here, Defendant points out that Plaintiff bought the car on March 15, 1999.  However, Defendant provides no evidence that Plaintiff purchased the tire in question at that time or that it was part of the original equipment.  Instead, Defendant attempts to switch the burden of proof by stating that "Plaintiff has offered no evidence to prove that the subject tire was not purchased at the same time and/or as part of the original equipment on the subject vehicle."  Plaintiff does not

need to provide such evidence.  Rather, Defendant needs to affirmatively show that Plaintiff did

in fact purchase the tire over four years prior to the filing of the suit in order to carry the burden

for their statute of limitations defense.  Since Defendant has provided no affirmative proof on

this issue and cannot establish all essential elements for a statute of limitations defense, the court

concludes Defendant's motion must be denied on this ground.


**B. Plaintiff's Breach of Warranty Claims**

In his original complaint, Plaintiff alleges that Defendant "expressly and impliedly

warranted to the public in general, and thus to Plaintiff . . . that the tires were of merchantable

quality and safe and fit for the purpose intended when used under ordinary conditions and in an

ordinary manner."  This allegation can fairly be read to include three different breach of warranty

claims: (1) warranty of merchantability (2) implied warranty of fitness for a particular purpose

and (3) express warranty.



1. There is no genuine issue of material fact as to whether the tires were

unmerchantable, and Plaintiff cannot establish this essential element for a breach

of  warranty of merchantability claim.


In Texas, the elements of a cause of action for breach of implied warranty of

merchantability are: (1) Defendant sold or leased a product to the plaintiff (2) the product was

unmerchantable (3) Plaintiff notified Defendant of the breach and (4) the Plaintiff suffered injury.

*Polaris Industries, Inc. v. McDonald*, 119 S.W.3d 331, 335 (Tex.App.-Tyler, 2003)(citing Tex.

Bus. & Com. Code §§ 2.314, 2.314 cmt. 13, 2.607(c)(1), 2.714, 2.715).  Under the Texas statute

there are several ways to prove that a product was unmerchantable.  Since Plaintiff alleges that

the Defendant warranted the "tires were of merchantable quality and safe and fit for the purpose

intended when used under ordinary conditions and in an ordinary manner," which is one of the

grounds specified in Tex. Bus. & Com. Code § 2.314(b)(3)(goods must at least be "fit for the

ordinary purposes for which such goods are used").  Where the claim is that a product is

unmerchantable because it is unfit for ordinary purposes, "[p]roof of a defect is required . . . ."

*Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989).

In these types of cases, the plaintiff bears "the burden of proving 1) that the goods were

defective at the time they left the manufacturer's or seller's possession and 2) that the goods were

unfit for the ordinary purposes . . . because of a defect."  *Hyndai Moto Co. v. Chandler*, 882

S.W.2d 606, 613 (Tex.App.-Corpus Christi, 1994).  Plaintiff does not have to use direct or expert

opinion evidence to show that the goods are defective; he can meet his burden by using

circumstantial evidence.  *Plas-Tex, Inc.* 772 S.W.2d at 444.  "Evidence of proper use of the

goods together with a malfunction may be sufficient evidence of a defect."  *Id.*

Here, Defendant points out that there is no evidence to support that the tire was defective

and so was unmerchantable.  Plaintiff provides no direct or expert opinion evidence of a defect,

and he does not provide evidence that he was using the product properly and that a malfunction

occurred.  Rather, Plaintiff only makes mere conclusory comments in the original petition

regarding the tire blow out.  Mere conclusory statements are not enough to create a genuine issue

of material fact.  After Defendant points out the lack of sufficient evidence, Plaintiff must come

forward with competent summary judgement evidence to show a genuine issue of material fact;

6

Plaintiff has failed to do so, and there is no indication of insufficient time for necessary discovery.  The court will grant judgment for the Defendant as a matter of law on this claim.

### 2. Plaintiff cannot maintain a claim for breach of  warranty of fitness for a particular purpose because Plaintiff has made no showing that the particular purpose for the tire was non-ordinary.

A warranty of fitness for a particular purpose arises if the seller has reason to know of a particular purpose for which the goods are acquired and that the buyer is relying on the seller in selecting the goods.  Tex. Bus. & Com. Code § 2.315; *Sipes v. General Motors Corp.*, 946 S.W.2d 143, 158 (Tex.App.-Texarkana, 1997).  The particular purpose of the product sought by the buyer must be a non-ordinary purpose for the warranty to arise.  *Sipes,* 946 S.W.2d at 158. An ordinary purpose includes uses that are customarily made of the goods.  *Id*.  A non-ordinary purpose, then, is using the goods in some way that they are not customarily used.

Here, as Defendant points out, Plaintiff did not use the tires for a non-ordinary purpose. According to Plaintiff's original petition, the tire was on his car and he was driving on it, as people customarily do, when the accident happened.  Therefore, the only documents before the court establish Plaintiff was using the tire in its customary manner and for its ordinary purpose. Plaintiff has presented no evidence to the contrary, and he had ample time for discovery. Defendant is entitled to judgment as a matter of law on this issue.

3. Plaintiff has made no showing of an affirmative representation by Defendant, so Plaintiff's claim for breach of an express warranty fails as a matter of law.

Under Tex. Bus. & Com. Code § 2.313, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." To prove a breach of an express warranty, Plaintiff needs to show: (1) an express affirmation of fact or promise by the seller relating to the good (2) that such affirmation of fact or promise became a part of the basis of the bargain (3) that Plaintiff relied upon said affirmation of fact or promise (4) that the goods failed to comply with the express warranty (5) that Plaintiff was injured by such failure of the product to comply with the express warranty and (6) that such failure was the proximate cause of Plaintiff's injury. *Great American Products v. Permabond Int'l*, 94 S.W.3d 675, 681 (Tex.App.– Austin 2002).

In this case, Defendant points out that Plaintiff bears the burden at trial to show an affirmative representation by Defendant concerning the product, and Plaintiff has provided no evidence on this issue. Plaintiff only makes a general statement in the original petition that Defendant expressly warranted the tires were safe and fit for ordinary use. This general statement is not enough to create a genuine issue of material fact. Plaintiff has presented no evidence in responds to Defendant's motion and has not asked for time for additional discovery. Therefore, Defendant is entitled to judgment as a matter of law on this claim.

8

## IV. Conclusion

Because the court finds there is no genuine issue of material fact on any of Plaintiff's remaining claims, there is no just reason to delay the entry of final judgment for Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion for Final Summary Judgement [**Doc. # 13**] is **GRANTED**.

IT IS FURTHER ORDERED that **FINAL JUDGEMENT** is entered for Defendant, and all claims are disposed of by this Order.

So **ORDERED** and **SIGNED** this **18** day of **October, 2005.**


_____
Ron Clark, United States District Judge